650 F.2d 206
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy Richard SMITH, Sr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Lynn WELTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Stephen KLIMENT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert David COLLINS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Henry RENGIFO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Steven DELUDE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard D. CLEMENS, III, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Bee STEWART, Defendant-Appellant.
 Nos. 80-1382, 80-1388, 80-1389, 80-1384, 80-1383, 80-1381,
80-1392 and 80-1387.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 7, 1981.
Decided July 6, 1981.
 
 Stephen F. Crew, Portland, Or., for defendants-appellants.
 Sidney I. Lezak, U. S. Atty., Portland, Or., for the United States.
 Appeal from the United States District Court for the District of Oregon.
 Before CHOY, KENNEDY, and FERGUSON, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 Appellants were convicted of various crimes and sentenced in the district court for the district of Oregon between June 1976 and January 1979. All filed timely Motions for Reduction of Sentence pursuant to Federal Rule of Criminal Procedure 35, which authorizes a sentencing judge to reduce a criminal sentence within 120 days from the date the sentence becomes final. The district court did not respond until May 1980, when, after unexplained delays ranging from 12 months to 42 months, it denied each of the motions.
 
 
 2
 In this consolidated appeal, appellants argue that the long delays deprived the district court of jurisdiction to deny their motions and constituted a denial of due process. They also seek a ruling that delays in excess of six months after the running of the 120-day period are prima facie unreasonable. Because the district court's jurisdiction lapsed when it did not act within a "reasonable time" after the running of the 120-day period established by the Rule, we dismiss the appeal.
 
 
 3
 The function of Rule 35(b) is "simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh." United States v. Maynard, 485 F.2d 247, 248 (9th Cir. 1973). The Rule provides in part:
 
 
 4
 The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction Fed.R.Crim.P. 35(b).
 
 
 5
 The 120-day time limitation serves two policies: it protects judges against repeated importunities by those sentenced and it ensures that the court does not usurp the responsibilities of parole officials by retaining jurisdiction indefinitely and acting on the motion in light of the movant's conduct in prison. United States v. United States District Court, 509 F.2d 1352, 1356 n.6 (9th Cir.), cert. denied, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975); United States v. Stollings, 516 F.2d 1287, 1289 (4th Cir. 1975). Rule 45(b) provides that the 120-day time limit may not be extended by the court.[1] Expiration of the allotted time therefore serves to divest the district court of jurisdiction over the motion for reduction of sentence. United States v. United States District Court, 509 F.2d at 1354; United States v. Addonizio, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (dictum ).
 
 
 6
 The Rule's language, read literally, provides that the district court loses jurisdiction at the end of the 120-day period, regardless of when the motion was filed or of extenuating circumstances. See United States v. United States District Court, 509 F.2d at 1356; United States v. Mendoza, 565 F.2d 1285, 1287-88 (5th Cir. 1978), modified 581 F.2d 89 (5th Cir. 1978). Thus the plain meaning of the Rule forecloses consideration of a motion after expiration of the time limit, regardless of the movant's lack of control over the delay. Id.
 
 
 7
 This court and other appellate courts have mitigated the arbitrary operation of the Rule by treating the time limit with some flexibility, allowing district courts to retain jurisdiction over timely-filed motions for a "reasonable time" beyond the deadline.[2] See, e. g., United States v. United States District Court, 509 F.2d at 1356; United States v. Mendoza, 565 F.2d at 1291; United States v. Stollings, 516 F.2d 1287, 1289 (4th Cir. 1975). Such flexibility is bounded by the language and purposes of Rule 35(b). United States v. United States District Court, 509 F.2d at 1356.
 
 
 8
 The flexible time limit does not avail these appellants, who argue that the delays they experienced were unreasonable. As a result, they argue, the district court was divested of jurisdiction to deny their motions. This semantic argument is unsupported by the law. Because the district court's power to reduce sentence is discretionary, United States v. Maynard, 485 F.2d 247, 248 (9th Cir. 1973), no mechanism exists for granting the motion by default. A loss of jurisdiction to consider such a motion therefore operates as a de facto denial. To the extent that the delays were "unreasonable," therefore, the district court was deprived of jurisdiction to consider them.
 
 
 9
 We need not embark upon a minute examination of the reasonableness of the delay involved in each appellant's case.[3] Neither side has argued that any of the delays was reasonable under these circumstances. While we agree with the appellants that the district judge should have responded more speedily to appellants' motions, we see no merit in adopting appellants' suggestion that delays of over six months be decreed prima facie unreasonable. Reasonableness in this context must be evaluated in light of the policies supporting the time limitation and the reasons for the delay in each case.
 
 
 10
 Nor are we persuaded by appellants that they were denied due process by the delays. The result would not have changed had the court retained jurisdiction, as the district judge indicated in each case that upon due consideration he was satisfied that the original sentence was correct. There is no indication that had he ruled at an earlier time he would have been more inclined to reconsider the original sentences. While the district judge should not have taken so long to respond to appellants' motions, the delay in denying relief which was in all events discretionary did not rise to the level of a due process violation.
 
 
 11
 Because the district court lacked jurisdiction to consider the motions, the appeals are DISMISSED.
 
 
 
 [1]
 Rule 45(b) provides that:
 When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect; but the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them.
 
 
 [2]
 The 120-day limit for filing a motion to reduce sentence remains rigid. See United States v. United States District Court, 509 F.2d at 1356
 
 
 [3]
 Counsel for the eight appellants can identify only four who continue to serve their sentences or who are free on parole. The delay involved was 42 months for appellants Clemens and Stewart, 33 months for appellant Collins, and 17 months for appellant Welton