**Ricky J. NELSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 86–91.**

Supreme Court of Wyoming.

March 13, 1987.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, and Julie D. Naylor, Appellate Counsel, for appellant.

A.G. McClintock, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Terry L. Armitage, Asst. Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from the denial of a motion for sentence reduction. Appellant, Ricky J. Nelson, pled guilty to feloniously taking and carrying away the goods of another in violation of § 6–7–301, W.S.

1977. He was sentenced on April 21, 1983, to three to seven years. This sentence was suspended and appellant was placed on probation for three years and ordered to pay restitution. Appellant's probation was revoked on October 21, 1985, and he began serving his sentence. On January 3, 1986, appellant filed a pro se motion to correct sentence, which was denied on January 21, 1986. On February 6, 1986, appellant filed a motion for sentence reduction which was denied on February 13, 1986. The court, in denying the second motion, stated that it was without jurisdiction to hear more than one motion pursuant to Rule 36, Wyoming Rules of Criminal Procedure.

The issue raised by appellant is whether it was error for the district court to deny appellant's motion for lack of jurisdiction.

We will reverse and remand.

The issue raised by appellant is two-fold. The district court indicated that it was without jurisdiction to hear successive motions under Rule 36. The state on appeal argues that the second motion was not timely filed inasmuch as it was filed more than 120 days after the imposition of sentence. We will first address the timeliness issue.

Rule 36, W.R.Cr.P., reads as follows:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of an order or judgment of the supreme court having the effect of upholding the judgment of conviction. The court may also reduce the sentence upon revocation of a probation as provided by law."

Our interpretation of the rule focuses on the word "imposed." Appellant argues that sentence was imposed when his probation was revoked. The state, on the other hand, argues that the sentence was imposed on April 21, 1983, the date of his original sentence. If the state is correct, then appellant's second motion was not timely and the district court was correct that it was without jurisdiction.

We have said that we will consider pertinent federal authority in interpreting Rule 36. *Peterson v. State*, Wyo., 706 P.2d 276 (1985). Before 1983, Rule 35, Federal Rules of Criminal Procedure, was identical to our Rule 36. However, there developed a split of authority in the circuits on the exact issue presented here. *United States v. Rice*, 671 F.2d 455 (11th Cir.1982); *United States v. Colvin*, 644 F.2d 703 (8th Cir. 1981); *United States v. Johnson*, 634 F.2d 94 (3rd Cir.1980); *United States v. Kahane*, 527 F.2d 491 (2nd Cir.1975).

The purpose of Rule 35, F.R.Cr.P., and Rule 36, W.R.Cr.P., is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant. The state does not dispute that this is the purpose, but argues that the defendant can petition the court for a sentence reduction immediately upon receiving a suspended sentence.

In *United States v. Johnson*, supra, at 96, the court said:

"* * * It frequently will be unrealistic for a defendant whose sentence has just been suspended to petition the court for the further relief of a reduction of that suspended sentence.

"Just as significant, we doubt that sentencing judges would be very receptive to Rule 35 motions proffered at the time the execution of a term of imprisonment is suspended in whole or in part and the defendant given a term of probation. Moreover, the sentencing judge cannot know of events that might occur later and that might bear on what would constitute an appropriate term of imprisonment should the defendant violate his probation. * * * In particular, it is only with the revocation hearing that the judge is in a position to consider whether

a sentence originally suspended pending probation should be reduced. The revocation hearing is thus the first point at which an offender can be afforded a realistic opportunity to plead for a light sentence. If the offender is to be provided two chances with the sentencing judge, to be meaningful this second chance must occur subsequent to the revocation hearing. * * * "

We also find the 1983 amendment to Rule 35, F.R.Cr.P., to be instructive. The amended rule provides in pertinent part: "A motion to reduce a sentence may be made * * * within 120 days after the sentence is imposed·or probation is revoked *." This amendment was made to clarify the rules, and was designed to effectuate the purpose set out above. Clearly, the amendment was made to clarify Rule 35,· not to change its meaning. Likewise, we will interpret our Rule 36 similarly to facilitate the obvious objective.

██ Thus, we hold that it is within the district court's discretion to consider a motion for sentence reduction filed 120 days from the imposition of sentence, which includes the reimposition of sentence following a probation revocation. Thus, appellant's second motion for sentence reduction filed on February 6, 1986, was timely.

With regard to the second part of this issue, we must decide whether a district court has jurisdiction to consider successive motions filed pursuant to Rule 36. The state has not addressed this contention and so we must assume that it has not found authority prohibiting the court from considering successive motions.

In United States v. Counter, 661 F.2d 374 (5th Cir.1981) a series of pro se motions to modify sentence were filed by the defendant, pursuant to Rule 35, F.R.Cr.P. That court noted that the last of these motions was not timely filed and was therefore properly dismissed for want of jurisdiction. The Ninth Circuit explained the purpose of the 120 day limitation as follows:

"The 120–day time limitation serves two policies: it protects judges against repeated importunities by those sentenced and it ensures that the court does not ursurp the responsibilities of parole officials by retaining jurisdiction indefinitely and acting on the motion in light of the movant's conduct in prison. * * * " United States v. Smith, 650 F.2d 206, 208 (9th Cir.1981).

██ We see nothing in Rule 36, W.R. Cr.P., that prohibits the filing and considering more than one motion if done within the 120 day limitation. It is clear from these cases and a perusal of other federal cases that the only limitation imposed by Rule 36 is the 120 day limit. Therefore, the district court was in error by stating that it was without jurisdiction to entertain the motion for sentence reduction.

Accordingly, the order denying appellant's motion for sentence reduction because of lack of jurisdiction is hereby reversed and remanded to the district court for consideration.