AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

FUE JUNIOR TILE, Defendant

High Court of American Samoa
Trial Division

CR No. 27-85

October 4, 1988

Before REES, Chief Justice.

Counsel: For Plaintiff, James Doherty, Assistant
 Attorney General
 For Defendant, Albert Mailo

On Motion for Reduction of Sentence:

 Fue Junior Tile moves for the reduction of a
thirty-year sentence imposed on July 3, 1985, after
he pleaded guilty to second degree murder.[1] The
Court is urged to reduce the sentence because of
Tile's "exemplary" conduct as an inmate and because
of the rehabilitative effects the first years of
his sentence have wrought.

 The government has moved that the motion be
dismissed, arguing that the Court is without
jurisdiction to entertain a motion to have a
sentence reduced when the motion was filed after
the expiration of the time limit provided in the
rules of criminal procedure.

 Rule 35(b) of the Territorial Court Rules of
Criminal Procedure states that a motion for
reduction of sentence must be made within 120 days
of sentencing. Rule 45(b), generally governing the

---

 [1] The motion was heard by the Court on
February 17, 1988. At the conclusion of
counsel's argument the Court noted that Rule
35 of the Territorial Court Rules of Criminal
Procedure gives the Court authority to reduce
a sentence only within 120 days after sentence
is imposed. Since this motion was made about
two and one half years after sentencing, the
Court was under the impression that these
remarks from the bench disposed of the matter.
Counsel for the government recently pointed
out to the Court, however, that the matter was
formally taken under advisement. Hence the
present opinion and order.

time limits set forth in the rules, states that the limit imposed in rule 35 cannot be extended.

Authorities construing Rule 35(b) of the Federal Rules of Criminal Procedure, which is worded identically to our Rule 35(b), support the government's position. The federal judiciary's power to reduce a sentence is entirely statutory. Prior to the approval of Rule 35 by Congress, a federal trial court had no authority to reduce a sentence once it had been imposed. See United States v. Murray, 275 U.S. 347, 358 (1928). The time limit in the federal rule was adopted to serve two purposes: to forestall the endless barrage of requests for clemency that the courts would otherwise face, and to ensure that the courts do not usurp the authority of parole officials by retaining jurisdiction indefinitely and deciding whether to reduce sentences in the light of the movant's conduct during an extended period of imprisonment. See United States v. Smith, 650 F.2d 206, 208 (9th Cir. 1981).

On the latter point Professor Moore has remarked that "[s]ome limitation on the court's power seems to be necessary, for after a lapse of time the peculiar ability of the court to determine sentence gives way to the presumably greater competence, and knowledge, of penal authorities." 8A J. Moore, Federal Practice par. 35.02[1] at 35-4 n. 5 (2d ed. 1974), quoted in United States v. United States District Court, 509 F.2d 1352, 1356 n.6 (9th Cir.), cert. den. 421 U.S. 962 (1975). Some courts hold that it is not ever appropriate for a court to reduce a sentence on the basis of the prisoner's conduct in jail. Such holdings are based on the executive branch's power under the Constitution to grant reprieves and pardons (U.S. Const. art. II § 2) and on the congressional design to allocate the release function between the judiciary and the executive. See, e.g., United States v. Quinones, 508 F. Supp. 473, 476, 479 (D.N.J. 1980).

A federal court operating under the federal rule would clearly have no jurisdiction to hear the present motion. It does not automatically follow, however, that an identically worded rule of the High Court of American Samoa also states a jurisdictional limitation (as opposed to a sort of guideline to which the Court might make exceptions in appropriate circumstances). This uncertainty

derives from important differences in the constitutional and statutory provisions granting and limiting the powers of the federal and territorial courts respectively.

The federal constitution gives Congress the power to "ordain and establish" the lower federal courts, and this power has long been held to include the power of regulation. U.S. Const. art. III § 1; Sheldon v. Sill, 49 U.S. (8 How.) 441 (1850); Turner v. Bank of North America, 4 U.S. (4 Dall.) 7, 10 n.1 (remarks of Chase, J.) (1799). The Federal Rules of Criminal Procedure are promulgated under the authority of Congress and are binding on the federal courts to the same extent that statutes would be binding. 18 U.S.C. § 3771; Davis v. United States, 411 U.S. 233 (1973); Singer v. United States, 380 U.S. 24, 37 (1965); United States v. Mitchell, 397 F. Supp. 166 (D.D.C. 1977), aff'd 559 F.2d 31 (D.C. Cir. 1976), cert. den. 431 U.S. 933 (1977). In American Samoa, on the other hand, the Court makes its own rules. See A.S.C.A. § 3.1002(c); Rev'd Const. Am. Samoa art. III § 2 ("The judicial branch of the Government of American Samoa shall be independent of the executive and legislative branches."). Although we happen to have imposed a time limit identical to that of federal rule 35, ours is not as obviously jurisdictional.[2]

Even if the Court does have authority to disregard or make exceptions to its own rules, however, it would be inconsistent with the prudent

_____

[2] The Fono has provided by statute that criminal procedure in the High Court shall conform as nearly as is practicable to the Federal Rules of Criminal Procedure, "[e]xcept as otherwise provided in this Code, or by rules adopted by the Chief Justice." A.S.C.A. § 46.0501. Since this statute explicitly recognizes the power of the Chief Justice to make exceptions, it is not even arguably inconsistent with the requirement of the territorial constitution that the judiciary remain independent of the legislative and executive branches. Nor is it clear that reasonable legislative regulation of judicial procedure necessarily conflicts with judicial independence. See Vessel Fijian Swift v. Trial Division, 4 A.S.R. 983 (1975).

exercise of judicial authority to do so on an <u>ad hoc</u> basis in order to reach the desired result in a particular case. Our rules were the product of long deliberation by lawyers and judges who had the opportunity to weigh the desirability of alternative rules in light of their collective experience in hundreds or thousands of cases. Evidently these lawyers and judges determined that circumstances in American Samoa were not sufficiently dissimilar from those in the United States to justify a different rule for the reduction of sentences. A similar committee chaired by Associate Justice Kruse is currently in the process of examining the rules in order to recommend possible changes. In the meantime, those whose efforts resulted in the current rules have clearly stated their intention that "the court may not extend the time for taking any action under . . . [Rule] 35." T.C.R.Cr.P. 45. That intention should not be lightly disregarded.

The motion is denied.