**Susan A. ARLAND, Petitioner (Defendant),**

v.

**STATE of Wyoming, Respondent (Plaintiff).**

No. 89–145.

Supreme Court of Wyoming.

March 15, 1990.

Leonard D. Munker, State Public Defender and M. David Lindsey, Cheyenne, for petitioner.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Senior Asst. Atty. Gen., Theodore Lauer, Director of Prosecution Assistance Program, and Philip W. Jussel, Student Intern, for respondent.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Justice.

This appeal involves the prospective-retrospective status of changes this court has made by amendments to the Wyoming Rules of Criminal Procedure. Specifically addressed is W.R.Cr.P. 36 (similar to the prior F.R.Cr.P. 35) relating to authority of the trial court to alter or amend a criminal sentence after entry.

Petitioner, Susan A. Arland, plead guilty to embezzlement and larceny by bailee in taking money from her employer, The Learning Center of Teton County, as offenses charged in multiple counts. On March 27, 1987, she was sentenced to confinement at the Wyoming Women's Center for a term of three to five years and required to make restitution of $38,889.83, which was "reduced to judgment" by the sentence. Arland, thirty-nine and divorced, had a fourteen year old daughter and no previous criminal involvement.

On July 7, 1987, Arland moved for a sentence reduction premised on a favorable report from the women's confinement institution. The county attorney objected and the formal official record then ends without any action on her motion.[1] After receipt of

---

1. After the record was filed in this court, it was supplemented by court order authorizing Ar-

the letter, Arland pursued a continued course of "appeal" efforts to secure reduction of her sentence or at least require a ruling by the trial court. It is from those efforts that this case finally comes to this court pro se and is accepted as a petition for writ of certiorari. The writ of certiorari was issued to consider the question of the jurisdiction of the trial court to rule on the motion for sentence reduction when the motion was filed on July 7, 1987 and not decided within 120 days from the date of entry of the sentence.[2]

The history of W.R.Cr.P. 36 defines the retroactive inquiry presented for Arland by her contest to the decision of the trial court. W.R.Cr.P. 36, then identical to F.R. Cr.P. 35, was first approved by this court effective February 11, 1969. Following some earlier federal rule amendments, in March 1987, W.R.Cr.P. 36 provided:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law.

Analysis of that language developed the question whether jurisdiction was ended when, for whatever reason, the trial court failed to rule within 120 days following entry of the sentence. Cf. Nelson v. State, 733 P.2d 1034 (Wyo.1987).

This court amended W.R.Cr.P. 36 on March 24, 1987 (immediately after publication of Nelson ), effective June 16, 1987, to read:

> (a) Correction of sentence.—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.
>
> (b) Reduction of sentence.—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.[3]

land to file a letter dated January 11, 1988 from the trial court to her which stated in substantive part:

> I have no jurisdiction to reduce your sentence. Judgment and Sentence was entered March 27, 1987. Rule 36 of W.R.Cr.P. provides, in part: "The Court may reduce the sentence within 120 days after the sentence is imposed ..." I lost jurisdiction of your case on or about July 27, 1987.

It is the legal conclusion of the trial court found in that letter relative to loss of jurisdiction that presents the present appellate issue of amendatory retroactivity since, during the 120 day time available for filing, the rule itself had been amended by this court.

2. Arland was put on parole in late 1989 after serving about two and one-half years in the penal institution. Since she will continue on

parole status until the maximum sentence has expired, less accrued good time, we do not consider that the issue is moot, although obviously her release from confinement decreases any pressure for sentence reduction by the trial court now. Clarification of the effect of the rule amendment made by this court is appropriate when presenting a controversy as capable of repetition yet evading review, see Natrona County School Dist. No. 1 v. Ryan, 764 P.2d 1019, 1031 (Wyo.1988) and Honig v. Doe, 484 U.S. 305, 108 S.Ct. 592, 595, 98 L.Ed.2d 686 (1988).

3. The rule was again amended effective December 13, 1988 to its present phraseology which continued the same language except to increase the period for filing from 120 days to one year.

Arland argues by timely filing her motion on July 7, 1987, which occurred after the rule amendment effective June 16, 1987, the trial court erroneously considered that its jurisdiction ended on July 27. Actually in question was the obligation of the trial court to rule one way or the other or would a pocket veto-failure to rule suffice as a denial?

In application of the federal rules, a split had developed whether jurisdiction was met by filing the motion or if a ruling within the limitation time was required. In 1985, the federal rule, F.R.Cr.P. 35(b), was amended to clarify that the motion could be considered by the court within a reasonable time after the time expiration. At the heart of the federal court argument was whether the literal interpretation of the phraseology should be followed to require decision within the limitation time or a non-literal interpretation that only a motion within that period was required.

To identify and settle the issue, the federal rule amendment was made as described in committee notes:

> This amendment to Rule 35(b) conforms its language to the nonliteral interpretation which most courts have already placed upon the rule, namely, that it suffices that the defendant's motion was made within the 120 days and that the court determines the motion within a reasonable time thereafter. *United States v. DeMier*, 671 F.2d 1200 (8th Cir.1982); *United States v. Smith*, 650 F.2d 206 (9th Cir.1981); *United States v. Johnson*, 634 F.2d 94 (3d Cir.1980); *United States v. Mendoza*, 581 F.2d 89 (5th Cir. 1978); *United States v. Stollings*, 516 F.2d 1287 (4th Cir.1975). Despite these decisions, a change in the language is deemed desirable to remove any doubt which might arise from dictum in some cases, e.g., *United States v. Addonizio*, 442 U.S. 178, 189 [99 S.Ct. 2235, 2242, 60 L.Ed.2d 805] (1979), that Rule 35 only "authorizes District Courts to reduce a sentence within 120 days" and that this

time period "is jurisdictional, and may not be extended." See *United States v. Kajevic*, 711 F.2d 767 (7th Cir.1983), following the *Addonizio* dictum.

> As for the "reasonable time" limitation, reasonableness in this context "must be evaluated in light of the policies supporting the time limitations and the reasons for the delay in each case." *United States v. Smith, supra,* at 209. The time runs "at least for so long as the judge reasonably needs time to consider and act upon the motion." *United States v. Stollings, supra,* at 1288.

> In some instances the court may decide to reduce a sentence even though no motion seeking such action is before the court. When that is the case, the amendment makes clear, the reduction must actually occur within the time specified.

> This amendment does not preclude the filing of a motion by a defendant for further reduction of sentence after the court has reduced a sentence on its own motion, if filed within the 120 days specified in this rule.[4]

*Amendments to the Federal Rules of Criminal Procedure*, 105 F.R.D. 179, 197 (1985). *See also* Wright, *Federal Practice and Procedure*, Criminal 2d § 587 (1982 & 1989 Supp.). In discussing the prior rule, that authority stated:

> Fortunately the courts have avoided so singular a result and have interpreted the time period as related to the filing of a motion for reduction of sentence, and as allowing the court to act on the motion within a reasonable time after it is filed, even if beyond the 120 days.

Wright, *supra,* at 411.

In March 1987, this court, in conjunction with its decision in *Nelson*, 733 P.2d 1034, which in itself directed the answer to the present controversy, undertook to update the Wyoming rule to be identical with the then existent federal rule as recently changed. In speaking of the federal rule

---

**4.** F.R.Cr.P. 35(b) has since been amended statutorily and is now substantially different from its predecessor or the present Wyoming rule since imposition of the determinate sentencing and sentencing standards have been introduced to the federal penal system. Comprehensive Crime Control Act of 1984; Pub.L. 98–473. *See* 18 U.S.C. § 3551.

change, Chief Justice Brown, in writing for this court said:

We also find the 1983 amendment to Rule 35, F.R.Cr.P., to be instructive. The amended rule provides in pertinent part: "A motion to reduce a sentence may be made * * * within 120 days after the sentence is imposed or probation is revoked *." This amendment was made to clarify the rules, and was designed to effectuate the purpose set out above. Clearly, the amendment was made to clarify Rule 35, not to change its meaning. Likewise, we will interpret our Rule 36 similarly to facilitate the obvious objective.

*Nelson,* 733 P.2d at 1036. The change then made in the 1987 amendment to the Wyoming rules accommodated both the specific subject matter of *Nelson* relating to a revocation of probation and also the additional subject of the 1985 federal amendment relating to the motion undecided within 120 days.

We find also, for present purposes, the clarification terminology of *Nelson* persuasive and conclusive as related to the rule correction and amendment of this court effective June 16, 1987. Specifically, the Wyoming rule change was made for the same reason and pursuant to the authority and insight afforded by the change to the federal rule. It was effective as to any motion for reduction which may have been filed within the limitation period after the effective date of June 16, 1987.[5]

We finally must decide what happens to this petitioner. We hold that the reasonable time provided generally by case law and the amended rule extends through this period of her effort by continued litigation.

The defect was caused by a misconstruction of the trial court's jurisdiction in the initial refusal to decide so that she is entitled to have a decision made on the motion. The case is remanded to the trial court for a decision by a district judge who is qualified to act to decide whether the 1987 motion for reduction, with or without updated information, justifies relief at this date. Action and modification to be considered by the trial court will relate only to the term of the sentence and not to the obligation of restitution.[6]

Remanded for further proceedings in conformity herewith.

5. A further issue was identified in oral argument about the effective date of the 1988 amendment which increased the limitation period to one year. We are aware of the immediate use of the rule change which was adopted at the request of a member of the district court bench to provide a longer time to act. However, we shall not undertake to write an advisory opinion to redefine our own rule in the abstract without the benefit of a case and controversy and briefing by litigants if contentions develop. It is noted in its terminology that the order of September 21, 1988 provided a specific effective date of December 13, 1988 and made no provision to limit the extended jurisdiction granted to the district judge to sentences entered after the effective date of the rule amendment.

6. The 1987 motion filed by Arland directed itself solely to confinement time and did not question restitution. Consequently, we need not pursue questions of vested interest of third parties in the "reduced to judgment" terminology of the March 27, 1987 sentence. Time for any request to amend the restitution provision of the order has expired.