**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus John HERNANDEZ,**
**Defendant–Appellant.**

**No. 91–1238.**

United States Court of Appeals,
Tenth Circuit.

Sept. 14, 1992.

David A. Lane, Denver, Colo., for defendant-appellant.

John H. Hutchins, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., and William D. Welch, Asst. U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before LOGAN and ANDERSON, Circuit Judges, and THEIS, District Judge.*

LOGAN, Circuit Judge.

Defendant Jesus John Hernandez appeals the district court's refusal to modify his sentence under Fed.R.Crim.P. 35(b).[1] The facts and issues in this case are peculiar inasmuch as defendant asked the court to increase one of his sentences while decreasing another, without changing the overall length of the combined sentences, the goal being to make defendant eligible for parole.

Defendant was convicted in 1986 of several counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of conducting a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848. Defendant was sentenced to fifteen years imprisonment on his CCE count to be followed by a consecutive five year term on

---

* The Honorable Frank G. Theis, Senior United States District Judge, United States District Court for the District of Kansas, sitting by designation.

1. Because the offenses were committed before November 1, 1987, the applicable version of Rule 35(b) is as follows:

Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

one of the substantive drug counts.[2] This court affirmed defendant's conviction in *United States v. Hernandez*, 829 F.2d 988 (10th Cir.1987), *cert. denied*, 485 U.S. 1013, 108 S.Ct. 1486, 99 L.Ed.2d 714 (1988), and in 1988 defendant apparently timely filed a motion under Fed.R.Crim.P. 35(b) for reduction of his sentence.[3] The district court held a hearing on the motion in April 1991, some three years after the motion was filed, and issued an order directing that defendant's "aggregate 20–year sentence" be served under 18 U.S.C. § 4205(b)(2)[4] but denying any other modification. I R. tab 33.

Defendant thereafter moved for modification of the district court's order, because § 4205(b)(2), allowing immediate consideration for parole, does not apply to CCE convictions. Defendant requested that the district court "restructure" defendant's sentence by decreasing his CCE sentence to ten years and *increasing* the sentence on the other count, that was to run consecutively to the CCE sentence, to ten years. This modification would maintain a twenty year total sentence but allow defendant to be considered for parole immediately. The district court denied the motion on two bases: (1) the court lacked the authority to increase a sentence on any count after the sentence was being served without raising double jeopardy concerns, and (2) the original sentence given was fair, and in fact lenient, and therefore should not be changed. The district court stated:

> Well, I think I have commiserated over this case a long time. I do feel the sentence initially passed was not only fair but lenient under the circumstances, I still feel that way. I think the first— all the national figures for comparable offenses and comparable situations, in other words, I think he got a big break already, and is lucky he is not looking at a CCE sentence of—CCE—CCE sentences of 35 years, which was what I was originally considering giving him, based on comparisons with other sentences. That would mean he would be there a long, long, long time.
>
> I don't think I have the authority to raise his non-CCE sentence as indicated. I do not feel this would be appropriate on any finding of fact that I can possibly make on any evidence before me. To find that the sentence I passed originally was unfair in any way, or inappropriate in any way.

II Supp.R. 17. Without reaching the double jeopardy issue, we agree that the district court has no authority to order the relief defendant seeks.

■ When all appeals of a criminal conviction have been completed unsuccessfully and a defendant has commenced serving his sentences in executive custody, as here, the only authority for a district court to modify a previously imposed sentence is under Fed.R.Crim.P. 35 or 36. *United States v. Earley*, 816 F.2d 1428, 1430–31 (10th Cir.1987) (en banc). In the instant case, Rule 36, permitting correction of "clerical mistakes," is inapplicable. *See United States v. Whittington*, 918 F.2d 149, 150 (11th Cir.1990) (district court may not make substantive change increasing incarceration period under Rule 36).

■ Rule 35(b) does not allow a district court to "restructure," as defendant terms it, the "sentence package" by decreasing a sentence on one count while

---

**2.** Sentences for the other counts were ordered to be served concurrently with the CCE sentence or the other substantive counts. The opinion in which we affirmed defendant's convictions states, apparently erroneously, that there was a ten year sentence on a count III "to run consecutively to [the CCE count.]". *United States v. Hernandez*, 829 F.2d 988, 989 (10th Cir.1987), *cert. denied*, 485 U.S. 1013, 108 S.Ct. 1486, 99 L.Ed.2d 714 (1988). *See* I R. 2.

**3.** It is unclear exactly when the motion was filed. One "Rule 35 Motion" was filed March

21, 1988, but that motion may have been premature because the Supreme Court did not deny certiorari from the direct appeal until April 18, 1988. Defendant filed pro se responses concerning this motion on April 21, 1988, and June 2, 1988, which could be construed as proper timely motions.

**4.** Section 4205 is now repealed but remains applicable to defendant's pre-November 1, 1987 crimes.

increasing a sentence on another count.[5] Rule 35(b) is entitled "Reduction of Sentence" and permits a court to "reduce a sentence." That rule does not grant authority to simply "restructure" a sentence by increasing the sentence on some counts while decreasing the sentence on others. *See United States v. Stump*, 914 F.2d 170, 173 (9th Cir.1990) (" 'Rule 35(b) authorizes only *reductions* of otherwise legal sentences, and the negative pregnant inherent in rule 35(b) prohibits increases of such sentences.' ") (quoting *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir.1988) (internal quotation omitted)). Although the net effect of defendant's request would be the possibility of earlier parole, and thus an overall "reduction" of his sentence, *see In re United States (Cole)*, 588 F.2d 56, 60 (4th Cir.1978) ("It is well settled that an order allowing for the possibility of earlier parole constitutes a reduction of sentence and is therefore governed by Rule 35."), *cert. denied*, 441 U.S. 909, 99 S.Ct. 2004, 60 L.Ed.2d 380 (1979), the sentence on each count of a conviction, if originally separated by the sentencing court, is separate and distinct for Rule 35(b) purposes. We recognize that multiple-count plea bargaining and sentencing is often structured with an eye toward the ultimate term of imprisonment to be served by the defendant; nonetheless, the version of Rule 35(b) applicable to defendant permits only the reduction of a particular sentence, not its increase. We hold that Rule 35(b) does not confer the authority to grant the relief defendant seeks.

Defendant relies upon several cases under Rule 35(a) or involving resentencing after direct appeal in which district courts were permitted to increase sentences on certain counts as long as the aggregate sentence was not increased.[6] *See, e.g., United States v. Welch*, 928 F.2d 915 (10th Cir.) (permitting district court, at resentencing after appeal, to increase sentence on one count when the aggregate sentence was lower), *cert. denied*, —— U.S. ——, 112 S.Ct. 153, 116 L.Ed.2d 118 (1991); *United States v. Jackson*, 923 F.2d 1494 (11th Cir. 1991) (allowing district court to change illegal sentence, corrected under Rule 35(a), from concurrent to consecutive when overall period of imprisonment was not increased); *United States v. Bentley*, 850 F.2d 327, 328 (7th Cir.) (same), *cert. denied*, 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988). These cases are distinguishable, however, because they involved either illegal or improper sentences or were cases in which the conviction itself was set aside on appeal and the defendant was retried. There is no contention in the instant case that the sentences were illegal or imposed in an illegal manner, correctable under Rule 35(a).

Defendant's motion is in effect a plea for mercy, which may be brought only under Rule 35(b), and, as we read it, that rule does not give the district court authority to increase defendant's sentence in the manner sought, even as a tradeoff for decreasing another sentence given concurrently. The district court also made clear that it would not decrease the CCE sentence if the

---

**5.** The district court did not rule on defendant's Rule 35(b) motion until three years after it was filed. Some courts have ruled or suggested that significant delay in deciding a Rule 35(b) motion deprives the district court of jurisdiction to grant relief, and they have reversed delayed rulings that favored defendants because the district court did not act timely. *See United States v. Taylor*, 768 F.2d 114, 116 n. 3, 118 (6th Cir. 1985); *Diggs v. United States*, 740 F.2d 239, 246–47 (3d Cir.1984); *In re United States (Cole)*, 588 F.2d 56, 60–61 (4th Cir.1978), *cert. denied*, 441 U.S. 909, 99 S.Ct. 2004, 60 L.Ed.2d 380 (1979). *But see United States v. House*, 808 F.2d 508, 509 (7th Cir.1986) (holding that, after 1985 amendment, only 120–day filing deadline is jurisdictional, and district court delay in ruling will not deprive court of jurisdiction). We are reluctant

to conclude that a district court by inaction on a timely filed motion can deprive itself of jurisdiction. Because of our conclusion that the district court properly denied Rule 35(b) relief we do not here rule on the timeliness question, although we note that the district court explained the delay resulted from the motion having been "mislaid or put aside or lost." I R.Supp. 12.

**6.** Rule 35(a), applicable to pre-November 1, 1987 offenses, states:

**Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

court could not increase the other that was to run consecutively to it.

AFFIRMED.