979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Everett Albert GREEN, Defendant-Appellant.
 No. 91-10403.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 28, 1992.*
Decided Nov. 18, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Everett Albert Green, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following a jury conviction for mailing an explosive device, in violation of 18 U.S.C. § 1716; unlawfully manufacturing an explosive device, in violation of 26 U.S.C. § 5861(f); possessing an unregistered access device, in violation of 26 U.S.C. § 5861(d); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).
 
 
 3
 Green contends that the district court erred in denying his section 2255 motion without an evidentiary hearing on his claims of (1) ineffective assistance of counsel; (2) perjury by government witnesses; (3) Miranda violations; (4) double jeopardy; and (5) conviction pursuant to an unconstitutional search and seizure. He also contends that the district court erred in denying his motion for appointment of counsel. Finally, he contends that he was deprived of his right to an appeal because the trial court failed to act on his FedR.Crim.P. 35 motion. We affirm.
 
 
 4
 First, the district court properly dismissed Green's petition without an evidentiary hearing because the court was able to evaluate Green's claims on the basis of a conclusive record. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 5
 Green's allegations that he was denied the effective assistance of counsel because his attorney failed to show him his presentence report and explain it to him, and counseled him to say that he was a felon when he claims he is not, are unsupported by the record. In addition, his claim that he has a conflict of interest with his attorney is unsubstantiated and was therefore properly dismissed. See United States v. Maree, 934 F.2d 196, 200 (9th Cir.1991); United States v. Lewis, 880 F.2d 243, 244 (9th Cir.1989).
 
 
 6
 Green's allegation that his former wife perjured herself by testifying as a bomb or silencer expert is unfounded. The record shows that she did not testify as an expert, but merely testified to what she had heard Green describe to her. Green's allegation that Mr. Williams perjured himself by testifying that he did not own the weapon is irrelevant. Green was convicted of being a felon in possession of a firearm, not of owning one.
 
 
 7
 Assuming the government knew of the false testimony, there is no indication that there is any reasonable likelihood that the false testimony would have affected the jury verdict. See United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989).
 
 
 8
 The remedy for Miranda violations is to suppress evidence or statements derived from the failure to issue Miranda warnings. Cooper v. Dupnik, 924 F.2d 1520, 1529 (9th Cir.1991), amended, 963 F.2d 1220 (9th Cir.1992) (en banc), cert. denied, 61 U.S.L.W. 3334 (U.S. Nov. 2, 1992); United States v. Helmandollar, 852 F.2d 498, 502 (9th Cir.1988). Because Green fails to allege that he made any statements to which Miranda would apply, or that any such statements were then used against him at trial, we find no Miranda error.
 
 
 9
 The Court of Appeals has already permanently stayed both the sentence and the entry of judgment of conviction on the possession of an explosive device. Therefore, even if Green's claim of double jeopardy had merit, it has been rendered moot by this court. Cf. Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir.1991).
 
 
 10
 The district court correctly determined that Green's claim raised under the Fourth Amendment is barred in federal habeas actions. See United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981) (citing Stone v. Powell, 428 U.S. 465 (1976)); Terrovona v. Kincheloe, 912 F.2d 1176, 1177-78 (9th Cir.1990), cert. denied, 111 S.Ct. 1631 (1991)).
 
 
 11
 Because the district court's decision not to hold an evidentiary hearing was based on an uncontroverted record, the court properly exercised its discretion to deny Green's motion to appoint counsel. See 18 U.S.C. § 3006A(g); LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).
 
 
 12
 Finally, the literal language of Rule 35(b) deprived the sentencing court of jurisdiction to modify Green's sentence when it failed to act upon the motion within the 120 day time period. See Fed.R.Crim.P. 35(b); In re Southwest Aircraft Services, Inc., 831 F.2d 848, 851 (9th Cir.1987), cert. denied, 387 U.S. 1206 (1988); United States v. Smith, 650 F.2d 206, 209 (9th Cir.1981). Loss of jurisdiction resulting from an "unreasonable delay" operated as a de facto denial of the Rule 35 motion. See Smith, 650 F.2d at 209. However, such a loss of jurisdiction does not constitute a violation which entitles Green to habeas relief. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3