2005 WY 32

**Ralph Douglas PATRICK, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 04–69.

Supreme Court of Wyoming.

March 24, 2005.

Representing Appellant: Ralph Douglas Patrick, pro se.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and SKAVDAHL, D.J.

GOLDEN, Justice.

[¶ 1]   Ralph Patrick (Patrick) appeals the district court's denial of his motion to amend his W.R.Cr.P. 35 motion for reduction of sentence. Patrick's motion for sentence reduction was filed approximately one year before his motion to amend. The district court denied the motion to amend finding that it was without jurisdiction to revise the sentence in Patrick's case. We reverse and remand.

## ISSUES

[¶ 2]   Patrick's *pro se* brief presents the following issues:

I.   Did the trial court err[ ] in denying the defendant the right to amend the motion for sentence reduction?

II.   Did the trial court abandon its duty to the defendant in the failure to rule one way or the other, on a properly filed motion for sentence reduction?

III.   Did the trial court abuse it[s] discretion in its ruling not to allow the defendant to amend a properly filed motion for sentence reduction?

The State phrases the issues as:

I.   Does this court have jurisdiction to consider whether the district court abused its discretion in failing to rule on Appellant's "Motion For Reduction For Sentence?"

II.   Did the district court abuse its discretion in denying Appellant's "Motion to Amend Sentence Reduction?"

## FACTS

[¶ 3]   In 1999, Patrick was charged with several property crimes. Eventually, Patrick pled guilty to four felonies associated with these crimes: check fraud in violation of Wyo. Stat. Ann. § 6–3–702, forgery in violation of § 6–3–602, obtaining property by false pretenses in violation of § 6–3–407, and theft of identity in violation of § 6–3–901. Thereafter, on December 18, 2001, the district court sentenced Patrick to four terms of eight to ten years. The sentences were structured so that two of the terms would run concurrently and those terms would then run consecutive to the other two concurrent terms. It appears that no appeal was taken from those orders.

[¶ 4]   On December 9, 2002, Patrick filed a *pro se* Motion for Reduction of Sentence together with documents outlining various programs he had participated in while incarcerated and detailing family hardships following his incarceration. In his motion, Patrick asked that all of his sentences be reduced to terms of two to four years or that all the previously imposed terms be made to run concurrently. Patrick did not request a hearing on the matter.

[¶ 5]   On May 12, 2003, Patrick moved for appointment of counsel to assist him in presenting evidence supporting his motion for sentence reduction. The district court denied this motion, finding that a request for sentence reduction pursuant to W.R.Cr.P. 35 is not a "critical stage" of the proceedings and therefore Patrick was not entitled to counsel under the Sixth Amendment. On December 8, 2003, Patrick filed a Motion to Amend Sentence Reduction. Exhibits illustrating his activities after his December 9, 2002, motion for reduction accompanied his motion to amend. On January 8, 2004, the district court denied Patrick's motion to amend finding, "this court no longer has jurisdiction to amend the sentence in this matter" but providing no other explanation for this conclusion. Patrick appeals this denial. In effect, the order denying Patrick's motion to amend denied Patrick's motion for reduction of sentence; it is thus a final appealable order.

## STANDARD OF REVIEW

[¶ 6]   A motion for a sentence reduction is an issue within the sound discretion of the sentencing court. *Sweets v. State,* 2001 WY 126, ¶ 9, 36 P.3d 1130, ¶ 9 (Wyo. 2001) (quoting *Mead v. State,* 2 P.3d 564, 566 (Wyo.2000)). Nevertheless, this Court reviews jurisdictional matters, which present questions of law, de novo. *See Padilla v. State,* 2004 WY 66 ¶ 5, 91 P.3d 920, ¶ 5 (Wyo.2004).

## DISCUSSION

[¶ 7] We begin by considering this Court's jurisdiction because the State asserts that we are without jurisdiction to hear this appeal. In making this claim, the State argues that Patrick's motion was deemed denied after ninety days, and because Patrick did not appeal within thirty days of that denial, we do not have jurisdiction. Rule 1(a) of the Wyoming Rules of Criminal Procedure provides that when a procedure is not established by the rules of criminal procedure, the Wyoming Rules of Civil Procedure shall govern. Rule 6(c)(2) of the Wyoming Rules of Civil Procedure provides that a "motion not determined within 90 days after filing shall be deemed denied." The State contends that this rule of civil procedure applies to Rule 35 motions for reduction of sentence. Although this is a tempting argument due to the certainty and efficiency application the deemed denied rule would provide, we cannot agree that these procedures control.

[¶ 8] Specifically, the rules of criminal procedure do allow the rules of civil procedure to apply but only to questions not governed by criminal procedure rules. *Padilla*, ¶ 6–8. Rule 35 specifies that the court **shall** determine the motion within a reasonable time. The obligatory language of this rule strongly suggests that a district court may not simply decide not to rule on such a motion, but instead it is required to make a ruling on the motion. While a "reasonable time" is not as precise as the ninety day deemed denied period, Rule 35 does provide a process "established by the rules of criminal procedure."

[¶ 9] Additionally, the purposes of Rule 35 and the broad discretion a district court enjoys over such motions would also seem to indicate that the deemed denied rule not apply. The purpose of Rule 35 "is to give a convicted defendant a second round before the sentencing judge (a second bite at the apple as it were) and to give the judge the opportunity to reconsider the original sentence in light of any further information about the defendant." *Nelson v. State*, 733 P.2d 1034, 1035 (Wyo.1987). The second chance provided by this rule is for the defendant to get in front of the sentencing judge to give that judge the opportunity to reconsider the sentence on its merits. The sentencing judge is in the best position to reconsider the sentence imposed and decide in its discretion whether to grant the motion, not this Court on any resulting appeal from a deemed denied motion. We merely review those decisions for an abuse of discretion once the district court has applied its discretion and determined the motion on its merits. Application of the deemed denied rule thwarts this process. We therefore determine that the deemed denied rule does not apply, and we have jurisdiction to consider this appeal.

[¶ 10] Motions to reduce a sentence may be brought pursuant to W.R.Cr.P. 35, which provides:

(a) *Correction.*—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.

(b) *Reduction.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

While the rule does impose a one-year time limitation, a plain reading of the rule indicates that the one-year limitation applies to the time in which a party must file a motion for reduction or the court must reduce a sentence in the absence of such a motion. Thereafter, once a motion is filed within the one-year time limit, the district court has a

reasonable time to determine the motion. Accordingly, simply failing to rule on a validly filed motion within one year does not per se deny the district court jurisdiction to rule on the motion.

■ [¶ 11] Prior versions of Rule 35 did present some confusion about whether the motion must simply be filed before the conclusion of the time period or whether a court must actually rule on the motion within the time limit. We explained this confusion in *Arland v. State,* 788 P.2d 1125 (Wyo.1990).[1] There we noted that a split had developed in the federal circuits regarding the interpretation of the federal version of Rule 35. Several circuits had determined that jurisdiction was met by filing the motion within the time limit and others determined that a ruling on the motion was required within the time limit. *Id.* at 1127. The difference resulted from some of the courts giving a literal interpretation to the language of the rule thus requiring a decision within the time limit, while others applied a non-literal interpretation requiring only a motion within that period. *Id.* To settle the dispute the federal rule was amended and the committee notes explained:

> This amendment to Rule 35(b) conforms its language to the nonliteral interpretation which most courts have already placed upon the rule, namely, that it suffices that the defendant's motion was made within the 120 days and that the court determines the motion within a reasonable time thereafter. *United States v. DeMier,* 671 F.2d 1200 (8th Cir.1982); *United States v. Smith,* 650 F.2d 206 (9th Cir.1981); *United*

States v. Johnson, 634 F.2d 94 (3d Cir. 1980); *United States v. Mendoza,* 581 F.2d 89 (5th Cir.1978); *United States v. Stollings,* 516 F.2d 1287 (4th Cir.1975). Despite these decisions, a change in the language is deemed desirable to remove any doubt which might arise from dictum in some cases, e.g., *United States v. Addonizio,* 442 U.S. 178, 189 [99 S.Ct. 2235, 2242, 60 L.Ed.2d 805] (1979), that Rule 35 only "authorizes District Courts to reduce a sentence within 120 days" and that this time period "is jurisdictional, and may not be extended." See *United States v. Kajevic,* 711 F.2d 767 (7th Cir.1983), following the *Addonizio* dictum.

*Arland,* 788 P.2d at 1127 (quoting *Amendments to the Federal Rules of Criminal Procedure,* 105 F.R.D. 179, 197 (1985)) (alteration in original). Wyoming similarly amended its rule to include such a clarification.[2] Thus, it is clear that it is not necessary that the court determine the motion within the one year time limit, but instead it suffices if the motion is filed within one year.[3] In this instance Patrick filed his motion for sentence reduction within the one-year time limitation. Therefore, Patrick has fulfilled this jurisdictional requirement of Rule 35.

■ [¶ 12] The State agrees that Patrick's motion for reduction of sentence was timely filed. However, it argues that the period of time that has elapsed since Patrick filed his motion for reduction is not a reasonable time under Rule 35(b) and therefore the court lost jurisdiction to decide the sentence

---

1. Before amendment effective June of 1987 the rule governing sentence reduction read:

   The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law.

   *Arland,* 788 P.2d at 1126.

2. Those amendments gave both the federal rule and the Wyoming rule the form of our current version of Rule 35 with the exception that the time limit was then 120 days. However, the present version of F.R.Cr.P. 35 differs significantly from our Rule 35 as the federal rule was amended again as part of the Sentencing Reform Act of 1984. *See* F.R.Cr.P. 35. Additionally, the Wyoming version of this rule was amended again in 1988 to increase the time limitation to one year.

3. Of course, as noted above, in cases where the district court decides to reduce a sentence in the absence of a motion seeking such action, the reduction must actually take place within the one-year time specified. *Arland,* at 1127.

reduction. "Reasonableness in this context must be evaluated in light of the policies supporting the time limitations and the reasons for the delay in each case." *Arland*, 788 P.2d at 1127 (quoting *Amendments to the Federal Rules of Criminal Procedure, supra,* at 197) (internal quotation marks omitted). The one-year time limitation (previously 120 days) serves two policies: it protects judges from repeated requests for sentence reduction and assures that courts will not usurp the authority of parole officials. *Nelson*, 733 P.2d at 1036 (citing *United States v. Smith*, 650 F.2d 206, 208 (9th Cir.1981)). The time runs "at least for so long as the judge reasonably needs time to consider and act upon the motion." *Arland*, 788 P.2d at 1127.

[¶ 13] Several federal courts considering this topic have concluded that extended delays in determining a Rule 35 motion will deprive a court of jurisdiction to decide the motion. *See e.g., United States v. Idone*, 38 F.3d 693, 697–98 (3rd Cir.1994); *United States v. Taylor*, 768 F.2d 114, 118 (6th Cir.1985); *United States v. Smith*, 650 F.2d 206, 209 (9th Cir.1981). In reaching these conclusions the federal courts often focused primarily on the dispersement of power between the judicial and executive branches of governments, *i.e.*, whether the court was interfering with a parole function. *Idone*, 38 F.3d at 697. If a district court takes too long to determine a sentence reduction, it is put in the position to second-guess parole officials. Therefore, the federal courts found that a "reasonable time" does not give courts license to postpone a decision on sentence reduction in order to reevaluate the sentence imposed in light of subsequent parole developments. *Id.* Likewise, it seems that federal courts may have interpreted what constituted a "reasonable period" narrowly in part because the language in the pre–1985 rule was fairly limiting. As discussed above, originally the "reasonable period" allowed to rule on the motion was found outside the literal interpretation of the rule. This is no longer the case with the rule.

[¶ 14] Additionally, in this instance, nothing in the record indicates that the district court was trying to interfere with the authority of parole officials. If anything, the court's inaction on the motion seems to instead be the product of some sort of oversight. The Tenth Circuit has questioned whether a district court's inaction alone is sufficient to deprive the court of jurisdiction under this rule. *United States v. Hernandez*, 975 F.2d 706, 709 n. 5 (10th Cir.1992) ("We are reluctant to conclude that a district court by inaction on a timely filed motion can deprive itself of jurisdiction."). In light of the rule's dictate that the district court "shall" determine the motion, absent an indication of improper motive for not ruling on the motion or actual interference with parole functions, we are similarly reluctant. Indeed, it seems only logical that a defendant should not be penalized by the court's failure to act. Were it otherwise, the defendant would be twice penalized: once because the court failed to act on his motion, and once again because the court's own inaction bars Rule 35 relief. *Diggs v. United States*, 740 F.2d 239, 250 (3rd Cir.1984) (Gibbons, J., dissenting).

[¶ 15] In this instance, the circumstances that supposedly divested the court of jurisdiction were beyond Patrick's control. He timely filed his motion for reduction, and there is no indication of an improper purpose for the delay. We are thus reluctant to allow the district court's own inaction to prevent consideration of the merits of his motion. We therefore conclude that the district court has jurisdiction to determine the motion for reduction of sentence. We remand for the district court to determine the motion to amend and the motion for sentence reduction on the merits.

[¶ 16] Lastly, although not formally presented as an issue, Patrick briefly argues that he is entitled to appointed counsel to assist him with his motion for sentence reduction. Because we are remanding the issue for the district court to determine the merits of Patrick's motion for sentence reduction, we will briefly address this issue. "The Sixth Amendment right to counsel accrues at the time adversary judicial proceedings are initiated against the defendant. Counsel is required not just at trial, but at 'critical stages' both before and after trial in which the substantial rights of the accused

may be affected." *Pearl v. State*, 996 P.2d 688, 689 (Wyo.2000). Additionally, under Wyo. Stat. Ann. § 7–6–104(c)(vi) (LexisNexis 2003), a needy person who is entitled to be represented is "to be represented by counsel at every stage of the proceedings, from the time of the initial appointment by the court until the entry of final judgment, at which time the representation shall end, unless the court appoints counsel for purposes of appeal, correction or modification of sentence."

[¶ 17]   The district court, citing to *State v. Pierce*, 246 Kan. 183, 787 P.2d 1189 (1990), denied Patrick's motion for appointment of counsel finding that it was not a critical stage of the proceedings.   We agree with this reasoning.   As can be seen by § 7–6–104, there is no statutory requirement for appointment of counsel at every post-trial motion.   Instead, such a decision rests within the discretion of the district court.   Likewise, the United States Constitution does not require counsel for indigent defendants seeking post-conviction relief.   *Pennsylvania v. Finley*, 481 U.S. 551, 556–57, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano*, 492 U.S. 1, 7–8, 109 S.Ct. 2765, 2769, 106 L.Ed.2d 1 (1989).   A motion for sentence reduction is by its very definition a motion seeking post-conviction relief.   We cannot therefore conclude that the district court erred in denying Patrick's motion for appointment of counsel.

## CONCLUSION

[¶ 18]   For the reasons stated above we reverse and remand.   The district court has jurisdiction to determine Patrick's motion for reduction of sentence.   It should consider that motion on its merits.

VOIGT, Justice, dissenting.

[¶ 19]   I respectfully dissent.   The appellant was sentenced on December 18, 2001. Nearly a year later, on December 9, 2002, he filed a motion for sentence reduction, without requesting a hearing.   That motion was never heard.   One day short of a year later, he filed a motion to amend the motion for sentence reduction.   On January 8, 2004, the district court determined the matter by deciding that it was without jurisdiction to hear the motion, due to the passage of too much time.

[¶ 20]   Those facts occurred in this legal context: W.R.Cr.P. 35(b) contains two relevant provisions.   First, a motion for sentence reduction must be filed within one year after imposition of sentence.   That happened. Second, the district court *shall* determine the motion *within a reasonable time.*   That did not happen.   The Wyoming Rules of Criminal Procedure do not establish a procedure for dealing with this situation, in which case W.R.Cr.P. 1(a) dictates that the Wyoming Rules of Civil Procedure *shall* govern. W.R.C.P. 6(c)(2), which directly governs motions and motions practice, states that a motion not determined within ninety days of filing is deemed denied.   W.R.A.P. 2.01(a) requires that an appeal be filed within thirty days from entry of the appealable order. *See Paxton Resources, L.L.C. v. Brannaman*, 2004 WY 93, ¶¶ 4–18, 95 P.3d 796, 798–802 (Wyo.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 976, 160 L.Ed.2d 901 (2005) (application of W.R.A.P. 2.01 and 2.02 in a deemed-denied situation).

[¶ 21]   When the appellant's motion for sentence reduction was not heard within a reasonable time, it was deemed denied ninety days after it was filed.   The appellant had thirty days from that date to appeal, and he did not do so.   This appeal should be dismissed as untimely.