**Jason W. PEARL, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 98–80.

Supreme Court of Wyoming.

Feb. 17, 2000.

Representing Appellant: Steven W. Holland, Casper, WY.

Representing Appellee: William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Donald Gerstein, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

* Retired November 2, 1998.

LEHMAN, Chief Justice.

Relying on W.R.Cr.P. 44(a)(2), the district court refused to appoint counsel at appellant's probation revocation hearing. Because we hold that appointed counsel is constitutionally required under Wyoming's judicial probation revocation procedure, we reverse.

### ISSUE

Appellant, Jason Pearl, presents one issue for review, an issue upon which we requested and received supplemental briefing:

Was the Appellant denied his Fourteenth Amendment right to due process and his Sixth Amendment right to counsel when the trial court failed to appoint counsel to represent the Appellant at his probation revocation hearing?

The State rephrases the issue as:

Whether the trial court exercised proper discretion in determining that the Appellant was not entitled to court-appointed counsel for his probation revocation proceeding.

### FACTS

After passing a total of 49 bad checks in Campbell County and 14 in Weston County, Pearl pled guilty to a charge of check fraud in violation of Wyo. Stat. Ann. § 6–3–702(a) and (b)(iii) (Lexis 1999). On August 28, 1997, he was sentenced to a term of one to four years, but that term was suspended and a split sentence imposed, pursuant to Wyo. Stat. Ann. § 7–13–107 (Lexis 1999). The split sentence consisted of 120 days in the Campbell County jail, with credit for 75 days served, followed by a four-year term of probation. After sentencing, the public defender assigned to represent Pearl was permitted to withdraw from the case. Pearl served his jail time and was released.

On January 22, 1998, the State petitioned the district court to revoke Pearl's probation, alleging violations of several terms of probation. At a February 4, 1998 first-appearance hearing, the district court advised Pearl of the allegations contained in the petition and

also informed Pearl of his rights at the probation revocation hearing. The district court informed Pearl that he was entitled to be represented by an attorney and asked Pearl if he had given any thought to having an attorney represent him. Pearl responded that he was trying to engage an attorney, but did not yet have a definite answer. The district court also informed Pearl that he was not entitled to court-appointed counsel. The court stated:

> Under the rules, you would only be entitled to a court-appointed attorney if there was something complex factually or legally or something else unusual about the case.
>
> As I review the Affidavit, it doesn't seem that there's really anything factually complex or legally complex.
>
> And based on that, unless there was some other information available, it would seem that the only way you would be able to have an attorney would be if you could hire one yourself, or your family or someone else made arrangements for that.

The district court proceeded to enter, on Pearl's behalf, a denial of the allegations contained in the petition to revoke probation. A probation revocation hearing was scheduled for February 12, 1998.

The day before the scheduled hearing, Pearl informed the district court he had been unable to obtain counsel, and he requested a continuance. The continuance was denied, and the probation revocation hearing was held as scheduled, with Pearl representing himself. The district court found by a preponderance of the evidence that Pearl violated the terms of his probation and subsequently revoked Pearl's probation. The underlying sentence of one to four years was re-imposed. This timely appeal followed.

### DISCUSSION

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In *Gideon v. Wainwright*, the United States Supreme Court held that the Fourteenth Amendment incorporated the Sixth Amendment right to counsel, and accordingly required the states to make appointed counsel available to indigent defendants in all "criminal prosecutions." 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Article 1, § 10 of the Wyoming Constitution likewise provides for the right to counsel in criminal prosecutions and tracks the federal provision.

The Sixth Amendment right to counsel accrues at the time adversary judicial proceedings are initiated against the defendant. Counsel is required not just at trial, but at "critical stages" both before and after trial in which the substantial rights of the accused may be affected. Wyoming Statute 7-6-104(c)(i) (1995) specifically addresses representation of indigents in probation revocation proceedings. That provision entitles an indigent defendant to representation in a probation revocation proceeding "when it is determined by the court to be statutorily or constitutionally required."

*Nelson v. State*, 934 P.2d 1238, 1240 (Wyo. 1997) (selected citations omitted).

The question in this case is whether counsel is constitutionally required under Wyoming's judicial probation revocation scheme. In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court considered whether an indigent probationer has the right to be represented by appointed counsel at revocation proceedings. The Court's consideration of the right to counsel at revocation proceedings was inextricably bound to the nature of the administrative procedure involved. The Court first discussed the role of parole or probation officers in the system under scrutiny.

> While the parole or probation officer recognizes his double duty to the welfare of his clients and to the safety of the general community, by and large concern for the client dominates his professional attitude. The parole agent ordinarily defines his role as representing his client's best interests as long as these do not constitute a threat to public safety.

*Gagnon*, 411 U.S. at 783–84, 93 S.Ct. at 1760 (quoting F. Remington, D. Newman, E. Kim-

ball, M. Melli & H. Goldstein, *Criminal Justice Administration, Materials and Cases,* 910–11 (1969)).

The Court then discussed other differences between a criminal trial and an administrative revocation proceeding.

> In a criminal trial, the State is represented by a prosecutor; formal rules of evidence are in force; a defendant enjoys a number of procedural rights which may be lost if not timely raised; and, in a jury trial, a defendant must make a presentation understandable to untrained jurors. In short, a criminal trial under our system is an adversary proceeding with its own unique characteristics. In a revocation hearing, on the other hand, the State is represented, not by a prosecutor, but by a parole officer with the orientation described above; formal procedures and rules of evidence are not employed; and the members of the hearing body are familiar with the problems and practice of probation or parole.

*Gagnon,* 411 U.S. at 789, 93 S.Ct. at 1763.

Recognizing these differences, the Court expressed concern that introduction of counsel would alter the delicate balance found in the administrative proceeding:

> The introduction of counsel into a revocation proceeding will alter significantly the nature of the proceeding. If counsel is provided for the probationer or parolee, the State in turn will normally provide its own counsel; lawyers, by training and disposition, are advocates and bound by professional duty to present all available evidence and arguments in support of their clients' positions and to contest with vigor all adverse evidence and views. The role of the hearing body itself, aptly described in *Morrissey* [*v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ] as being "predictive and discretionary" as well as factfinding, may become more akin to that of a judge at a trial, and less attuned to the rehabilitative needs of the individual probationer or parolee. In the greater

self-consciousness of its quasi-judicial role, the hearing body may be less tolerant of marginal deviant behavior and feel more pressure to reincarcerate than to continue nonpunitive rehabilitation. Certainly, the decisionmaking process will be prolonged, and the financial cost to the State—for appointed counsel, counsel for the State, a longer record, and the possibility of judicial review—will not be insubstantial.

411 U.S. at 787–88, 93 S.Ct. at 1762.

The Court ultimately determined that due process did not demand per se appointment of counsel at administrative revocation proceedings. It provided the following guidelines:

> The facts and circumstances in preliminary and final hearings are susceptible to almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.

*Gagnon,* 411 U.S. at 790–91, 93 S.Ct. at 1764.

Under Wyoming law, W.R.Cr.P. 44(a)(2),[1] governs appointment of counsel at probation

---

1. W.R.Cr.P. 44(a)(2) provides:

   Any adult probationer or adjudged delinquent juvenile who is alleged to have violated the terms of a probation order, for which violation incarceration is a practicable possibility, and who is financially unable to obtain adequate representation is entitled to appointed counsel if, after being informed of the right to request

revocation proceedings. Amended in 1993,[2] this rule now mirrors the constitutional floor established in *Gagnon.* Pearl contends that the extension of *Gagnon's* holding to Wyoming's judicial revocation proceeding via Rule 44 is inconsistent with the reasoning of the Supreme Court in *Gagnon.* We agree.

An administrative probation revocation system, similar to the one discussed in *Gagnon,* is contemplated by Wyoming law. *See* Wyo. Stat. Ann. § 7–13–408 (Lexis 1999). However, there is no indication that this administrative procedure has ever been utilized. Instead, we have made it clear that

> revocation of probation is a judicial responsibility and jurisdiction of an individual granted probation remains vested in the judicial branch of government during any probationary period of non-incarceration. *Smith v. State,* 598 P.2d 1389 (Wyo.1979).

> Except as Wyo. Stat. § 7–13–408 supports the foundational supervisory responsibility of probation agents for probation revocation cases, the statute has been nullified and superseded by Wyoming case law and W.R.Cr.P. 39 [3] for all aspects of probation revocation. *See Weisser v. State,* 600 P.2d 1320 [ (Wyo.1979) ]; *Smith* [*v. State* ], 598 P.2d 1389 [ (Wyo.1979) ]; and *Knobel* [*v. State* ], 576 P.2d 941 [ (Wyo. 1978) ]. The exclusive process for probation revocation is judicially handled by a filing through the office of the prosecuting attorney by either an order to show cause and summons or a petition to revoke enforced by an application and the issuance of a bench warrant for arrest.

*Wlodarczyk v. State,* 836 P.2d 279, 293 (Wyo. 1992). We have also made it clear that the

constitutional due process rights found in *Gagnon* and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), must be afforded in judicial revocation proceedings. *Swackhammer v. State,* 808 P.2d 219, 222 n. 1 (Wyo.1991); *Mason v. State,* 631 P.2d 1051, 1055–56 (Wyo.1981).

■ Given Wyoming's judicial revocation procedure, we must determine if W.R.Cr.P. 44(a)(2) remains consistent with the reasoning found in *Gagnon* as it pertains to appointment of counsel. *Gagnon* considered the right to counsel in terms of an administrative process where a probation officer brought a petition to revoke probation before the Board of Probation and Parole. The probation officer, although acting in a prosecutorial capacity, was nevertheless motivated by the desire to rehabilitate the probationer. *Gagnon,* 411 U.S. at 789, 93 S.Ct. at 1763. The hearing was informal, and no rules of evidence were employed. *Id.* The Board and the probation officer were not necessarily trained in the law, but were familiar with the sociological aspects of probation and parole.

Current probation revocation procedures in Wyoming stand in stark contrast to the informal administrative system considered by the United States Supreme Court in *Gagnon.* Pursuant to W.R.Cr.P. 39, all petitions for probation revocation must be brought in district court by a prosecuting attorney who, unlike the probation officer, does not serve two masters. The prosecutor speaks neither for the probationer nor his interests in the manner the *Gagnon* Court envisioned probation officers would in an administrative system. Moreover, the Wyoming Rules of Evidence apply to the adjudicative phase of the

---

appointed counsel, the probationer makes a request based upon a timely and colorable claim that the probationer did not violate probation terms or that, if the violation is a matter of public record or admitted, there are substantial reasons which justified or mitigated the violation, making revocation inappropriate and the reasons are complex or difficult to develop or present. In deciding whether to appoint counsel, the judicial officer should consider the probationer's ability to think clearly and speak effectively. If appointment of counsel is denied, the grounds for refusal must be succinctly stated in the record.

**2.** Prior to its amendment, Rule 44 read:

(a) *When right attaches.*—Every defendant who is unable to obtain counsel is entitled to be represented by assigned counsel at every stage of the proceedings from the filing of an indictment, information or citation through appeal, unless that right is waived.

**3.** W.R.Cr.P. 39(a), provides in pertinent part:

Proceedings for revocation of probation shall be initiated by a petition for revocation filed by the attorney for the state, setting forth the conditions of probation which are alleged to have been violated by the probationer and the facts establishing the violation.

revocation hearing. W.R.Cr.P. 39(a)(5)(B). Thus, a probationer "enjoys a number of procedural rights which may be lost if not timely raised." *Gagnon,* 411 U.S. at 789, 93 S.Ct. at 1763. In short, a probation revocation proceeding "under our system is an adversary proceeding with its own unique characteristics." *Gagnon,* 411 U.S. at 789, 93 S.Ct. at 1763.

■ We find that revocation proceedings in Wyoming are fundamentally different than the administrative process upon which *Gagnon* is based. We do not read *Gagnon* as a universal limitation of the right to counsel regardless of the nature of the process involved. Consideration of the foregoing characteristics of our system illustrates no meaningful distinction between a probation revocation hearing and other portions of a criminal prosecution. Accordingly, under Wyoming's judicial revocation procedure where the State is represented by a prosecutor and the rules of evidence apply to a portion of the proceedings, we hold that the Sixth Amendment requires appointment of counsel for indigent probationers when the indigent probationer was entitled to be represented by an attorney under Wyo. Stat. Ann. § 7–6–104(a).[4] Wyo. Stat. Ann. § 7–6–104(c) (Lexis 1999). *See Hicks v. State,* 452 So.2d 606, 608 (Fla.App.1984) opinion adopted 478 So.2d 22, 23–24 (Fla.1985). An inescapable corollary to such a holding is the invalidation of W.R.Cr.P. 44(a)(2), in the context of judicial revocations. Our holding necessitates reversal and remand for a probation revocation hearing with the aid of court-appointed counsel, as denial of an appellant's right to counsel can never be treated as harmless error. *Nelson v. State,* 934 P.2d at 1241; *Gentry v. State,* 806 P.2d 1269, 1272 (Wyo.1991); *Chavez v. State,* 604 P.2d 1341, 1345 (Wyo.1979).

Our holding requires that we harmonize this case with our most recent pronouncement in this area, *Nelson v. State.* There, we concluded Nelson was entitled to counsel at his probation revocation hearing because the proceeding at issue "was more than a probation revocation—it also involved the adjudication of Nelson's guilt of a felony and sentencing." 934 P.2d at 1241. In so concluding, we relied on *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), which "holds that the Sixth Amendment entitles a defendant to court-appointed counsel in the specific circumstance when the proceeding includes sentencing." *Nelson,* 934 P.2d at 1241. Therefore, although the district court in *Nelson* relied on Rule 44(a)(2) in denying counsel, the issue presently before this court, the constitutionality of Rule 44(a)(2), was clearly not at issue in *Nelson.*

Finally, we do not believe that a uniform requirement of counsel at probation revocations will unduly tax the resources of the public defender system. Instead, we believe it will result in a more orderly and uniform administration of the criminal justice system, as well as ensuring fundamental fairness, the touchstone of due process, in revocation proceedings. *Gagnon,* 411 U.S. at 790, 93 S.Ct. at 1763. Along with this reduced uncertainty and enhanced consistency comes the reduction of the possibility of reversible error and appellate review. *State v. Hicks,* 478 So.2d 22, 23 (Fla.1985).

## CONCLUSION

Our rule dictating when indigent probationers are entitled to counsel was derived from an opinion which set the constitutional minimum for administrative revocation proceedings; therefore, it has no applicability to Wyoming's current procedure. We conclude that the Sixth Amendment dictates that counsel be appointed for all indigent probationers in Wyoming's judicial proceedings. As Pearl was denied his right to counsel, we reverse and remand to the district court to conduct a probation revocation hearing in accordance with this opinion.

4. The State relies upon *Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), to support the proposition that counsel is not required in all circumstances in a judicial proceeding to revoke probation. In that case, the Supreme Court was concerned only with a claim that due process required the court to consider further probation as an alternative to incarceration and articulate its reasons for choosing incarceration. Nothing indicates that the Sixth Amendment right to counsel was perceived to be in issue in that case.