2002 WY 164

**Roy WILKIE, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

**No. 01–218.**

Supreme Court of Wyoming.

Oct. 31, 2002.

* Chief Justice at time of oral argument.

Representing Petitioner:  Mike Cornia, Evanston, WY.

Representing Respondent:  Hoke MacMillan, Attorney General;  Paul S. Rehurek, Deputy Attorney General;  D. Michael Pauling, Senior Assistant Attorney General;  and T. Alan Elrod, Assistant Attorney General, Cheyenne, WY.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1]  Petitioner, Roy Wilkie (Wilkie), was charged on June 22, 2000, with one count of domestic battery.  After a jury found Wilkie guilty, the Circuit Court of the Third Judicial District, Sweetwater County, sentenced him to six months incarceration with all but four days suspended and placed him on supervised probation for one year.  Wilkie appealed his conviction to the district court, which affirmed the circuit court.  Wilkie then filed a Petition for Writ of Review with this Court.  We reverse because Wilkie was denied his constitutional right to counsel in the circuit court.

## ISSUE

[¶ 2] While Wilkie presents seven issues on appeal, the resolution of one of those issues renders the others moot.[1] Therefore, we address only the issue of whether Wilkie was denied his right to counsel.

## FACTS

[¶ 3] Wilkie was charged with domestic battery for touching a household member in a rude, insolent, or angry manner in violation of Wyo. Stat. Ann. § 6-2-501(b) (Lexis 1999). He represented himself pro se at his jury trial because of an unusual exchange with the circuit court at arraignment that left him without counsel. Concerning whether Wilkie would have an attorney, the following dialogue took place:

THE COURT: Do you intend to represent yourself, hire your own attorney or ask the Court to consider the appointment of the Public Defender to represent you?

MR. WILKIE: I'm going to *have to* represent myself.

THE COURT: Before a Judge or a Jury?

MR. WILKIE: Jury.

THE COURT: Every tried a Jury Trial before?

MR. WILKIE: No, I haven't.

THE COURT: Understand that while it's your right to do that, you're responsible to do the same things that lawyers do when they represent clients and the Court will hold you to the same standard of knowledge, expertise and skill that it holds any lawyer to? Still wish to represent yourself before a jury, Mr. Wilkie?

MR. WILKIE: *Well, they're not going to let me get an appointed lawyer because I make too much money, but I really don't make that much money (unintelligible).*

THE COURT: Well, that's not my (unintelligible). How much you making a month at Von's Plumbing?

MR. WILKIE: About a thousand a month.

THE COURT: You're right. *You will sign a waiver* of your right to be tried by a, with assistance of Counsel; Prose [sic] Jury. So ordered.

(Emphasis added.) Wilkie proceeded to represent himself pro se and was subsequently found guilty by a jury.

## DISCUSSION

[¶ 4] Wilkie alleges that he was denied his right to counsel as guaranteed by the Sixth Amendment of the United States Constitution[2] and Wyo. Const. art. 1, § 10[3] when, at his arraignment, the circuit court did not personally advise him of his right to counsel and its discussion with him concerning attorneys left him without representation. Instead, he was given a form to read regarding his constitutional rights, which he initialed. Wilkie argues that he did not knowingly and voluntarily waive his right to counsel, and initialing the Advisement of Rights form was not a valid waiver of counsel.[4] Constitutional issues are questions of law that we review *de novo. Taylor v. State,* 7 P.3d 15, 19 (Wyo.2000).

[¶ 5] This Court has followed the United States Court of Appeals for the Tenth Circuit with respect to whether a waiver of the right to counsel is voluntarily, knowingly,

1. The issues raised were prosecutorial misconduct, the right to counsel, the admission of expert testimony, whether the State elicited an opinion as to Wilkie's guilt, speedy trial, the right to confrontation, and whether Wilkie could be sentenced both to incarceration and probation.

2. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ... and to have the Assistance of Counsel for his defence." United States Const. Amend. VI.

3. "In all criminal prosecutions the accused shall have the right to defend in person and by counsel ... to be confronted with the witnesses against him ... and to a speedy trial by an impartial jury[.]" Wyo. Const. art 1, § 10.

4. The third right described on the Advisement of Rights form reads:

You have the right to be represented, at all stages of any criminal proceedings, by a lawyer chosen and hired by you. If you want a lawyer to represent you, but cannot afford to hire one, then you have the right to have me appoint a lawyer to represent you and be paid for by the state.

and intelligently made. *Vargas v. State*, 963 P.2d 984, 990 (Wyo.1998). First, the court determines whether a defendant voluntarily waived this right. *United States v. Taylor*, 113 F.3d 1136, 1140 (10th Cir.1997), *cert. denied*, 528 U.S. 904, 120 S.Ct. 244, 145 L.Ed.2d 205 (1999). If it determines that the right has been voluntarily waived, the court then determines whether the defendant waived this right knowingly and intelligently. *Id.*[5] In that regard, a reviewing court should indulge every reasonable presumption against waiver. *Id.* (*quoting Baker v. Kaiser*, 929 F.2d 1495, 1500 (10th Cir.1991)).

■ [¶ 6] In the instant case, proper inquiries were not made to determine whether Wilkie wanted to be represented by appointed counsel. Wyo. Stat. Ann. § 7–6–106(a) (LexisNexis 2001) requires the court at a defendant's first court appearance to determine whether the defendant is a "needy person." A needy person is defined under Wyo. Stat. Ann. § 7–6–102(a)(iv) (LexisNexis 2001) as "a person who at the time his need is determined is unable to provide for the full payment of an attorney and all other necessary expenses of representation[.]" The only evidence in the record of the circuit court's examination of Wilkie's ability to pay for counsel was the question of how much he made at Von's Plumbing.

[¶ 7] The brief question and answer session that occurred in this case cannot be construed as a voluntary waiver by Wilkie of his right to counsel. The circuit court did not inform Wilkie that he had a right to an attorney if he could not afford one, the circuit court merely queried whether Wilkie intended to represent himself, hire an attorney, or ask the court to consider the appointment of a public defender. Wilkie clearly had the impression from someone that he made too much money to have a public defender. Indeed, Wilkie's comments—"Well, they're not going to let me get an appointed lawyer because I make too much money"—sounds as if he believed that the decision had already been made. Yet the circuit court did not

follow up on that comment to determine the source of Wilkie's information or explain to Wilkie that it was up to the court to make that decision.[6] Further, the circuit court made no determination whether the $1,000.00 per month figure was gross or net, or if Wilkie was a needy person as defined by statute. Instead, the circuit court simply told Wilkie, "[y]ou will sign a waiver." Wilkie was not given a choice whether or not to waive anything.

[¶ 8] Wyo. Stat. Ann. § 7–6–107 (LexisNexis 2001) allows for the waiver of the right to an attorney if "the court finds that the person has acted with full awareness of his rights and of the consequences of a waiver...." To determine whether the waiver has been fully informed, "the court *shall* consider such factors as the person's age, education, familiarity with the English language and the complexity of the crime involved." *Id.* (emphasis added). The circuit court did not consider any of these factors.

[¶ 9] Regarding the representation of needy persons, Wyo. Stat. Ann. § 7–6–104(a) (LexisNexis 2001) (emphasis added) provides:

The public defender *shall* represent as counsel any needy person who is under arrest for or formally charged with having committed a serious crime if:

(i) The defendant requests counsel; or

(ii) The court, on its own motion or otherwise, orders appointment of counsel and the defendant does not affirmatively waive or reject, on the record, the opportunity to be represented by legal counsel in the proceeding.

To determine whether a person is "needy," Wyo. Stat. Ann. § 7–6–106 states, in part:

(a) The determination of whether a person covered by W.S. 7–6–104 is a needy person *shall* be deferred until his first appearance in court.... Thereafter, the court *shall* determine, with respect to each

---

**5.** Of course, a defendant must "know" of his right to counsel before he can voluntarily waive that right. *Nelson v. State*, 934 P.2d 1238, 1241 (Wyo.1997).

**6.** Wilkie's comment that he was going to "have to" represent himself also should have been a "red flag" that alerted the circuit court to the fact that Wilkie did not understand his right.

proceeding, whether he is a needy person....

(b) In determining whether a person is a needy person ... the court *shall* consider the standards promulgated pursuant to W.S. 7–6–103(c)(vii).

(Emphasis added.)

[¶ 10] Wyo. Stat. Ann. § 7–6–103(c)(vii) (LexisNexis 2001) requires that the state public defender "promulgate rules and regulations in cooperation with the supreme court of Wyoming establishing standards for determining who is a needy person.... The standards *shall* require the person to file with the court a written affidavit under oath stating his financial assets and liabilities." (Emphasis added.) Wilkie informed the circuit court that he made only $1,000.00 per month, and did not state whether this was a gross or net figure, or what his monthly expenses were. An affidavit should have been submitted regarding his financial assets and liabilities, and the circuit court should have taken it into consideration in deciding whether Wilkie needed appointed counsel. This was not done.

[¶ 11] Wyo. Stat. Ann. § 7–6–105(b) (LexisNexis 2001) states:

At the person's initial appearance the court *shall* advise any defendant who is a needy person of his right to be represented by an attorney at public expense. The court *shall* further explain to the needy person the possibility that he may be ordered to reimburse the state for the costs associated with his legal representation."

7. W.R.Cr.P. 44 specifies when the right to assignment of counsel attaches, the procedures for implementing the right, and provides rules estab-

(Emphasis added.) We conclude that the circuit court utterly failed to follow these statutory procedures, and did not follow any other procedures [7] that would have ensured that Wilkie understood his right to appointment of counsel.

[¶ 12] The State contends that

a review of the record shows that [Wilkie] knowingly and voluntarily waived his right to counsel, with full awareness of his rights and the consequences of his waiver, and then chose to proceed to trial pro se. The circuit court properly respected his decision to waive his right to counsel, as it could not have forced an attorney upon him in light of his decision to proceed pro se.

We are unable to find anything in the record to justify this contention.

## CONCLUSION

[¶ 13] The circuit court did not make a reasonable examination into Wilkie's ability to pay for an attorney. Because we find that Wilkie did not voluntarily waive his right to counsel, we need not consider whether he knowingly and intelligently waived the right. We reverse and remand to the district court for further remand to the circuit court for an appropriate determination of Wilkie's right to appointed counsel.

lishing the standard of indigency. *See* W.R.Cr.P. 44(a), (b), and (d).